UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON ROOT, #220344,  )
                Petitioner,  )
                  )     No. 1:18-cv-783
-v-  )
                  )     Honorable Paul L. Maloney
GREGORY SKIPPER,  )
                Respondent.  )
                  )

### ORDER ADOPTING REPORT AND RECOMMENDATION

Bryon Root filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending this Court deny the petition. (ECF No. 11.) Root filed objections. (ECF No. 15.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir.

June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Court has reviewed the report and recommendation and Petitioner's lengthy and detailed objection. Petitioner approaches the petition and his objections as a direct appeal, weaving his theory of the case through every argument advanced. He was convicted of carjacking, armed robbery, fleeing and eluding, obstructing and resisting arrest, and operating a motor vehicle while intoxicated. Petitioner does not deny driving the stolen vehicle or driving while intoxicated. At trial, he testified that another person paid him to drive the car to a gas station to give a third unknown person a phone (which also turned out to be stolen). When a police officer activated his siren, Petitioner fled because he was intoxicated and feared that drugs were in the car. Generally, Petitioner's objections are simply restatements of the arguments advanced in his initial brief and disagreements with the magistrate judge's recommendations. Although Petitioner discusses at length each portion of the report and recommendation, the Court finds that Petitioner's arguments fail to establish any factual error or legal conclusion in the report and recommendation.

1. Trial Judge's Questioning at Trial

The Michigan Court of Appeals reviewed this claim for plain error. It concluded that Petitioner had not demonstrated that but for the trial court's questioning about a hand injury, the jury would have returned a not guilty verdict. Other evidence of Plaintiff's guilt was overwhelming. The magistrate concludes the state court resolution of this issue was not contrary to or an unreasonable application of clearly established federal law. Petitioner's objection is, literally, a disagreement with the magistrate judge's recommendation. (ECF No. 15 Obj. at 13 PageID.912 "However, this petitioner categorically disagrees, as would any fair minded person and/or jurist, would [sic] unequivocally disagree."). Having reviewed the issue de novo, the Court agrees with conclusions and recommendations in the report and recommendation. Petitioner's objection is overruled.

2. Motion for Directed Verdict

The magistrate judge concludes that this claim implicates state law, not federal law and is not cognizable on federal habeas review. Petitioner objects. Petitioner insists that counsel challenged the evidence on constitutional grounds. Petitioner is wrong. Counsel argued that the State failed to provide sufficient evidence to establish the elements of the state law claims against him. The Michigan Court of Appeals also addressed the claim as one arising under State law. Petitioner's objection is overruled.

3. Failure to Investigate / *Brady* Violation

Petitioner argues the prosecutor failed to investigate the individual he alleges paid him to drive the stolen car. Petitioner also argues the police failed to dust the phone and the car for this person's fingerprints. The Michigan Court of Appeals reviewed this claim as an

unpreserved error and rejected the claim based on State law. The magistrate judge concludes Petitioner did not establish a violation of either Due Process or *Brady*. (R&R at 16 PageID.883 "But neither *Brady* nor the Due Process Clause obligate the government to *create* evidence favorable to the defendant."). The magistrate judge also concludes that the Michigan Court of Appeals' decision was neither contrary to nor involved an unreasonable application of clearly established federal law.

Petitioner objects. Petitioner insists that the police destroyed evidence, which deprived him of the ability to support his theory that a third party was responsible for the carjacking and stolen phone. Petitioner's objection is overruled. The authority he cites for his arguments simply do not support any Due Process or *Brady* claim on these facts.

### 4. Prosecutorial Misconduct

Petitioner identifies several alleged instances of prosecutorial misconduct during the trial. The Michigan Court of Appeals reviewed this claim as an unpreserved error and rejected the claim based on State law. The magistrate judge discussed each of the alleged instances of prosecutorial misconduct and concludes that the comments were not so flagrant or prejudicial as to render the trial fundamentally unfair. For several of the claims, the magistrate judge identifies evidence at the trial or inferences which could be drawn from the evidence to support the arguments made by the prosecutor. For the vouching claim, the magistrate judge concludes that the prosecutor did not express any personal belief in the credibility of any particular witness or testimony.

5

Petitioner objects. The Court has reviewed the objections de novo and agrees with the conclusions and recommendations in the report and recommendation. Petitioner's objection is overruled.

### 5. Ineffective Assistance of Counsel

The magistrate judge concludes that Petitioner did not establish prejudice from any alleged ineffective assistance. Petitioner objects. Petitioner identifies possible witnesses whom counsel did not interview. As part of a habeas claim, Petitioner must demonstrate how the witness's testimony would have been favorable at trial. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005). Petitioner has not met his burden. Petitioner provides no affidavits from these witnesses. And, speculation that their testimony would have been favorable is not sufficient. For the rest of his objection, Petitioner references his initial brief, which is not sufficient for a de novo review by this Court. Petitioner's objection is overruled.

For these reasons, the Report and Recommendation (ECF No. 11) is **ADOPTED** as the Opinion of this Court.   Byron Root's petition for habeas relief is **DENIED.**

The Court has reviewed the record for the purpose of determining whether to issue a certificate of appealability. Although Petitioner's arguments might cause reasonable jurists to debate the outcome if this were a direct appeal, the claims and arguments advanced here simply do not meet Petitioner's burden for a habeas claim. The Court finds that reasonable jurists would not disagree with the manner in which the claims have been resolved. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court DENIES a certificate of appealability.

**IT IS SO ORDERED.**

Date: June 10, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge